UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TWIN RIVERS ENGINEERING
CORPORATION,

    Plaintiff,

v.                                                  Case No.  6:12-cv-1794-Orl-36TBS

FIELDPIECE INSTRUMENTS, INC.,

    Defendant.
_____

## ORDER

On July 5, 2013, the Court denied Plaintiff's Motion for Protective Order for Deposition Scheduled for July 9, 2013.  (Doc. 67).  In its Order, the Court gave Defendant 14 days to file its application for legal expenses incurred in connection with the motion.  The case now comes before the Court without oral argument on Defendant's Application for Expenses, Including Attorney Fees Pursuant to Federal Rules of Civil Procedure 37(a)(5)(B).  (Doc. 70).  Defendant's application is due to be DENIED.

Federal Rule of Civil Procedure 37(a)(5)(B) provides that when a motion for protective order is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

Federal courts have adopted the lodestar method to determine the amount of attorney's fees to be awarded. Schafler v. Fairway Park Condo. Ass'n, 147 Fed. Appx. 113, 114 (11th Cir. 2005) (per curiam). The lodestar is calculated by multiplying the number of hours reasonably expended by a professional by the reasonable hourly rate for the services provided by that person. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate" to determine the lodestar amount. Loranger, 10 F.3d at 781. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court must exclude from its calculation, "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Norman, 836 F.2d at 1299. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

Defendant requests $4,416 in attorney's fees based upon "approximately 15.9 hours" of attorney time to prepare and file a 3 page memorandum containing two citations of law. (Doc. 70-1, ¶ 5). Defendant seeks fees based upon hourly rates ranging from $100 to $350 per hour. (Id., ¶ 6). The Court finds Defendant's

application for attorney's fees deficient for many reasons including:

    (1) Defendant has not identified all of the attorneys who worked on the matter.

    (2) Defendant failed to provide biographical information for its attorneys.

    (3) Defendant only provides the hourly rate for one of its attorneys.

    (4) There are no itemized time records attached to or incorporated into the application.

    (5) The amount claimed is an approximation.

    (6) Defendant failed to provide any expert opinion testimony to support its application.

    (7) The amount claimed is unreasonable on its face.

The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).  Still, Defendant's application is so lacking in information that any fee award by the Court would be a guess.  Accordingly, Defendant's application is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on July 30, 2013.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel