UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TWIN RIVERS ENGINEERING
CORPORATION,

    Plaintiff,

v.                                                 Case No: 6:12-cv-1794-Orl-36TBS

FIELDPIECE INSTRUMENTS, INC.,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees. (Doc. 83). The motion is due to be **GRANTED IN PART** and **DENIED IN PART**.

### I.    Background

On August 14, 2013, the Court entered an Order (Doc. 79) granting Plaintiff's Amended Motion to Compel Production of Documents (Doc. 68). In its order, the Court stated:

> "None of the exceptions contained in Fed. R. Civ. P. 37 (a)(5) apply to this dispute. Plaintiff has fourteen days from the rendition of this order within [which] to file its motion for fees and costs and Defendant has fourteen days to respond to the motion."

(Doc. 79, ¶ 4).

Plaintiff filed its Motion for Attorney Fees on August 28. (Doc. 83). Plaintiff seeks $3,815.50, broken down as follows: For Nicolette C. Vilmos, partner, 8.2 hours at $325 per hour for a total of $2,665; for Melissa Vander Weide, paralegal, 5.9 hours at $195 per hour for a total of $1,150.50. (Id., pp. 11-12). Plaintiff provides no records itemizing how

these 14.1 hours were spent. In support of its request, Plaintiff has filed affidavits by Vilmos (Id., pp. 6-8) and Morey Raskin, a partner in another Orlando firm. (Id., pp. 9-11).

Defendant objects to the fee claim on three grounds. (Doc. 87). First, it argues that Plaintiff's fee should be reduced because Plaintiff "[w]as [u]nsuccessful" as to most of the relief it sought. (Id., pp. 3-5). Second, Defendant asks the Court to deny the motion because Plaintiff failed to adequately detail how the asserted hours were spent. (Id., pp. 5-6). Finally, Defendant contends that the Court may not award Plaintiff attorney fees because Defendant "was substantially justified in its actions throughout discovery negotiations with plaintiff's counsel." (Id., pp. 7); See FED. R. CIV. P. 37(a)(5)(A).

## II. Discussion

### A. Plaintiff is Entitled to Attorney Fees in Connection with the Motion to Compel

Rule 37 of the Federal Rules of Civil Procedure generally entitles a party who successfully moves to compel discovery to "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, a court must not award fees and costs if the movant failed to attempt to resolve the dispute in good faith prior to filing the motion, if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust. Id.

Plaintiff prevailed on its Motion to Compel, and the Court has already ruled that none of the three exceptions to Rule 37(a)(5)(A) apply. (Doc. 79, ¶ 4). The Court will not entertain Defendant's efforts to re-litigate matters already decided. Defendant's argument that Plaintiff was only partly successful in its Motion to Compel is not well taken. The Court expressly ruled that, "[w]ith the exception of Defendant's objections based upon attorney-client and work product privilege, **all** of Defendant's objections to Plaintiff's

First Request for Production are overruled." (Doc. 79, ¶ 1 (emphasis added)). That the parties reached an agreement as to some of the matters disputed at the hearing does not relieve Defendant of liability for Plaintiff's expenses under Rule 37. See FED. R. CIV. P. 37 (providing that cases in which "the disclosure or requested discovery is provided after the motion was filed" are treated the same as cases in which the discovery motion is granted). Plaintiff is entitled to its fees; the only question is the appropriate amount.

### B. Determining a Reasonable Fee

In the Eleventh Circuit, courts must use the lodestar approach to determine reasonable attorney's fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. The Court excludes from its calculation "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. "Ultimately, the computation of a fee award is necessarily an exercise in judgment because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Plaintiff can meet this burden "by producing either direct evidence of rates charged under similar circumstances,

or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

The Court finds that the $325 hourly rate for Ms. Vilmos is reasonable.[1] See Bauer v. Midland Credit Management, Inc., No. 8:12-cv-614-T-23TGW, 2012 WL 6733649, at *5 (M.D. Fla. Dec. 4, 2012) (finding that an hourly rate of $300 reasonable for a lawyer with more than 35 years of experience); U.S. Bank v. Professional Staffing-A.B.T.S., Inc., No. 8:10-cv-2445-T24MAP, 2011 WL 6148615, at *2 (M.D. Fla. Dec. 9, 2011) (finding $325 hourly fee reasonable for attorneys with ten years' experience) However, the $195 hourly rate for paralegal Melissa Vander Weide is excessive. Although, Ms. Vander Weide is a very experienced paralegal, $195 per hour is well above the rate the Court is accustomed to seeing in fee applications. See U.S. Bank, at *3 (reducing fee for paralegal with 22 years of experience to $150 per hour); Blue Water Marine Servs., Inc. v. m/y Natalia III, No. 08-20739-CIV, 2010 WL 1330265, at *4 (S.D. Fla. Feb. 2, 2010) ($135-$140 excessive; reduced to $95); Stone v. Nat'l Enterprise Sys., No. 6:08-cv-1523-Orl-22GJK, 2009 WL 3336073, at *5 (M.D. Fla. Oct. 15, 2009) (adopting magistrate's recommendation of $95 per hour for paralegals). Accordingly, the Court will reduce Ms. Vander Weide's rate to $125 per hour.

---

[1] Defendant argues that $325 is unreasonable because the work on the motion to compel "did not require senior legal talent." (Doc. 87, p. 6). Ms. Vilmos may be a capable attorney, but she is hardly "senior" legal talent, having been admitted to the Florida Bar in 2001. (Doc. 83, p. 6).

Plaintiff has made the Court's task in assessing the reasonableness of the hours claimed significantly more difficult by failing to provide a detailed record indicating the amount of time spent on particular tasks. "[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." Norman, 836 F.2d at 1303. Based on its experience, the court concludes that five hours of attorney time and two and a half hours of paralegal time is reasonable.

Five hours at $325 per hour totals $1,625 for Ms. Vilmos. Two and a half hours at $125 per hour totals $312.50 for Ms. Vander Weide. Accordingly, Plaintiff's is **awarded $1,937.50 in attorney and paralegal fees** in connection with its amended motion to compel; to the extent Plaintiff's motion seeks more than that, it is **DENIED**.

**IT IS SO ORDERED**

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record